## Case No. 15,228.

### UNITED STATES v. GOODRICH TRANSP. CO.

[8 Biss. 224.] [1]

Circuit Court, E. D. Wisconsin.  June, 1878.

INTERNAL REVENUE—TRANSPORTING BARRELS WITH UNCANCELED STAMPS.

In an action to recover a penalty under section 3324 of the Revised Statutes, for transporting empty barrels upon which were uneffaced internal revenue stamps, *held*, that the defendant was bound to know whether or not there were stamps upon the barrels, which had not been effaced or obliterated.

Action to recover penalty under section 3324 of the Revised Statutes, for transporting empty barrels which had theretofore contained distilled spirits, and upon which, it was claimed, were internal revenue stamps not effaced or obliterated as required by law.

G. W. Hazelton, for the United States.
Murphey & Goodwin, for defendant.

DYER, District Judge (charging jury). Testimony has been given tending to show that the defendant received on board one of its boats at Green Bay, for transportation to Milwaukee, and that it transported empty barrels having thereon, uneffaced and unobliterated, certain stamps required by law to be placed on any cask or package containing distilled spirits. Testimony has also been given on the part of defendant tending to show that these barrels had been stored for a considerable time before such transportation, that they were old barrels, and that the heads of the same were covered with dust and dirt and water stains, so that the stamps were to some extent obscured and not readily discernible upon ordinary observation, and that they were received by defendant for transportation and were transported from Green Bay to Milwaukee, in connection with and as part of a large number of other barrels upon which the stamps had been effaced or obliterated.

Upon the state of facts presented by the entire testimony, I am asked by defendant's counsel to instruct you that if the defendant by its agents and employés exercised reasonable care and watchfulness in observing the condition of said barrels when they were

received for transportation, and if in the exercise of such care, they failed to ascertain that the stamps upon the same were uneffaced and unobliterated, for the reason that such stamps were obscured from ordinary view by the presence of dirt, dust and stains upon the heads of the barrels where the stamps were placed, the defendant is not liable in this action. I must, in the view I take of the statute, decline to so instruct you.

The statute (section 3324, Rev. St.) provides, that every transportation company which receives or transports or has in possession with intent to transport, any empty cask or package having thereon any brand, mark or stamp required by law to be placed on any cask or package containing distilled spirits, shall forfeit three hundred dollars for each such cask or package so received or transported or had in possession with intent to transport. This is one of the most important provisions of the internal revenue law, and I am of the opinion that under a proper construction of its requirements the defendant was bound to know whether or not there were stamps upon these barrels that had not been effaced or obliterated. The statute is positive in its terms, and the question is, did these barrels have upon them stamps, uneffaced, as claimed; not, did the defendant discover them or could it discover them by the exercise of reasonable care and ordinary observation. It was the defendant's duty, before receiving them for transportation, to ascertain whether there were or were not uncancelled stamps upon these barrels, if it would escape liability under this statute, and as I have before said, it was bound to know what was the fact; and although the stamps may have been obscured as claimed, if they were upon the barrels uneffaced and unobliterated, and if the defendant received the barrels with the stamps upon them for transportation, and transported them as alleged, then it is liable in the present action to the extent of three hundred dollars for each such barrel so transported.

Verdict for United States for twelve hundred dollars.